Argued November 17; affirmed December 6, 1932; rehearing
denied January 10, 1933

STEINFELD *v.* STATE INDUSTRIAL ACCIDENT
COMMISSION

(16 P. (2d) 639)

*C. M. Hodges,* of Portland (Hodges & Gay, of Portland, on the brief), for appellant.

*Miles H. McKey,* Assistant Attorney General (I. H. Van Winkle, Attorney General, and Victor R. Griggs, Assistant Attorney General, on the brief), for respondent.

BELT, J. In January, 1930, William Bienert commenced an action against the plaintiff herein to recover damages for personal injuries sustained while employed by the latter in July, 1929. Steinfeld, the defendant therein, pleaded, as a defense, the protection of the Workmen's Compensation Act. In his reply, Bienert alleged that the defendant was not entitled to such defense since no notice had been given to the

State Industrial Accident Commission as required by section 49-1822, Oregon Code 1930. Judgment was entered in favor of Bienert and against Steinfeld for the sum of $8,305.85, which amount included costs and disbursements. Thereafter defendant therein appealed to the Supreme Court, but, after filing the transcript on March 12, 1931, no further steps were taken to prosecute the appeal. Finally, upon execution sale, Steinfeld satisfied the judgment in full.

■ Steinfeld then commenced this action in May, 1931, against the State Industrial Accident Commission to recover the amount he was obliged to pay in satisfaction of the judgment which his employee had obtained against him. Clearly this action can not be maintained. The trial court very properly allowed the motion of defendant for nonsuit. There is no statutory provision authorizing the State Industrial Accident Commission to pay out trust funds in settlement of such claims. The statute specifically enumerates the purposes for which such funds shall be expended. Reimbursement of an employer for money paid in satisfaction of a judgment obtained in a personal injury action is not within the purview of the statute. Applying the rule of statutory construction, "expressio unius est exclusio alterius," it is plain the expenditure of the funds is limited to those expressly enumerated in the Workmen's Compensation Act.

■ If the act applied, such was a complete defense in the personal injury action. If the trial court erroneously held to the contrary, the ruling could have been reviewed on appeal in that action. It is not before the court here. The sole question now presented is whether the statute authorizes the instant action. Clearly it does not.

Judgment is affirmed.

BEAN, C. J., BROWN and CAMPBELL, JJ., concur.