KENNECOTT COPPER CORPORATION, APPELLANT, *v.* NICOLAS REYES, CONCHA REYES, RESPONDENTS.

No. 4134

April 10, 1959                     337 P.2d 624

*Gray and Horton,* of Ely, for Appellant.

*John Sanchez* and *Peter Echeverria,* of Reno, for Respondents.

# OPINION

By the Court, BADT, J.:

Neives Nickie Reyes was buried and killed in a slide occurring in what was known as the Liberty Pit, a part of appellant's open pit mining operation at Ruth, Nevada. The deceased's father and mother, respondents herein, filed their complaint against appellant alleging that the deceased, a compressor truck driver, had been directed to work in a place that was not reasonably safe, that appellant had not warned him of the hazards, had taken no precautions, and was guilty of wanton and reckless conduct by reason whereof decedent's death had resulted. Plaintiffs also alleged that by reason of defendant's recklessness and wantonness, they were entitled to exemplary damages. The jury returned a verdict in favor of the plaintiffs and against defendant for special damages for funeral expenses in the sum of $833, compensatory damages in the amount of $10,000, and punitive damages in the amount of $10,000.

Plaintiff and defendant were both covered by and subject to the terms and conditions of the Nevada Industrial Insurance Act. Appellant contended throughout all of the proceedings in the trial court that the claims of respondents for compensation growing out of the death of their son were restricted to such compensation as might be awarded under the Industrial Insurance Act to the exclusion of any remedy by way of a common-law action against appellant. NRS 616.370; McColl v. Scherer, 73 Nev. 226, 315 P.2d 807. It was and is the

contention of the respondents that appellant, its officers, agents, and employees had been aware for more than a week prior to the slide or cave-in of a dangerous situation; that a spalling had been in evidence indicating the imminence of a slide with its danger to employees working below for that entire period, and that its actions in ordering the decedent to continue his work below the threatened slide, without any warning to him, and without taking any steps for his safety constituted reckless, willful, and wanton misconduct. Their main contention, however, pinpointed by the oral argument, is that the occurrence causing decedent's death was not an "accident" and was not within the purview of, and was not covered by the provisions of the Nevada Industrial Insurance Act; that, in other words, decedent's death was not compensable under the terms of said act.

Respondents first refer to NRS 616.615, which provides for death benefits if an injury *by accident* arising out of and in the course of employment, causes the death of an employee. They then refer to NRS 616.020 defining "accident" as follows: " 'Accident' shall be construed to mean an *unexpected or unforeseen* event happening suddenly and violently with or without human fault, and producing at the time objective symptoms of an injury." (Emphasis supplied.) Referring then to provisions of the act excluding casual employees, persons engaged in certain theatrical performances or in household domestic service or agricultural labor, and certain employments in interstate commerce, respondents insist that in like manner the very terms of the act exclude all injuries, whether or not the same arise out of and in the course of employment which do not come within the statutory definition of "accident"; that if the slide that killed the decedent was not "an unexpected or unforeseen event," it was excluded from the operation of the Industrial Insurance Act, was not compensable under the act, and that respondents were not deprived of their common-law remedy.

Respondents quote at length from the record from which it appeared that various officers and employees of appellant, having authority over the pit operations,

testified when called as adverse witnesses by respondents that they were aware for some days preceding the slide that some spalling action was evident, that a slide was expected, that rocks were coming down, that there was a dangerous condition, that cracks were observable, that the conditions were such that a man was posted to watch the same, that if the spalling continued, it was likely that the area below would be hazardous, and similar testimony.

Although much of the purport of this testimony is limited and qualified by other testimony of the same witnesses, we may assume for the sake of argument that the appellant knew that a dangerous condition existed, that they foresaw and expected that a slide would occur at some time in the future. They had no knowledge as to when the slide would or might occur. It is not contended that appellant had any deliberate intent to kill or injure the decedent, or any other employees of appellant. We may assume further that the continuance of the work under the circumstances was negligence on the part of appellant. To fix the degree of negligence is not necessary. If the occurrence was an accident as defined, compensation under the act would follow whether the event was "with or without human fault."

Nothing in the statutory definition of an accident and nothing elsewhere in the act indicates an exclusion from its compensatory provisions of any accident by reason of any varying of the employer's degree of fault. Nowhere in the act appears any distinction between accidents resulting from the employer's negligence, his gross negligence, his wanton negligence or his recklessness. Any injury to an employee arising out of and in the scope of his employment is as compensable, under the provisions of the act, under one degree of negligence as under another.

Respondents' contention that the sudden and violent event that resulted in the decedent's death was not an accident within the statutory definition because it was foreseen and expected by appellant, must be rejected. The mere fact that appellant had foreseen and expected that at some time in the future a slide would occur,

though coupled with negligence, even gross negligence, in permitting the operation to continue in view of lack of knowledge as to when the slide would occur, or even in view of its possible imminence, does not permit the conclusion that the event was not an accident.

In Duncan v. Perry Packing Co., 162 Kan. 79, 174 P.2d 78, 83, the contention was made, as it is made here, that the occurrence was not in reality an "accident," as it was readily foreseeable by the employer in the light of the preventable peril to the employee which the employer knew existed, but of whose existence the employee had no knowledge or warning. The Kansas court rejected such restricted definition of "accident" and its language answers most of the contentions of respondent. The court said:

"Whether the facts alleged in the petition show negligence only or whether they show wantonness on the part of the employer may be debatable. But even if the acts or conduct alleged do show wantonness, we find no authority either in the statute or in our decisions construing the statute that would justify us in saying that the injury was not compensable under the Workmen's Compensation Act. Considering the whole subject broadly, the legislature has made certain exceptions such as agricultural pursuits, 44–505, interstate commerce, 44–506, and others, but has not included 'willful misconduct' or 'wantonness' of the employer among the exceptions. Nor is there any distinction between 'gross negligence' and any other degree of negligence, as far as applicability of the Act is concerned. See 71 C. J. 1485. If so compensable, an action at common law will not lie. To hold otherwise would open a by-pass around the Act and permit attempted recovery in common law actions which the Act was intended to supersede. If the plaintiff here had established the same facts in a proceeding to secure compensation under the Act, can there be any doubt that he would have been entitled to an award? If so entitled, it follows, under our decisions, that such relief is exclusive."

Judgment reversed. The case is remanded with instructions to enter a judgment for the defendant.

MERRILL, C. J., and MCNAMEE, J., concur.