LAS VEGAS–TONOPAH–RENO STAGE LINE, INC., A NEVADA CORPORATION, APPELLANT, v. NEVADA INDUSTRIAL COMMISSION, RESPONDENT.

No. 4908

November 29, 1965                    408 P.2d 241

*Ernest S. Brown* and *Peter I. Breen,* of Reno, for Appellant.

*William J. Crowell,* of Carson City, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

In a collateral common-law damage action, John Cave recovered a judgment against his employer Las Vegas-Tonopah-Reno Stage Lines, Inc. (LTR) for $12,500 and costs, which LTR paid. By this suit LTR seeks reimbursement of that amount from the Nevada Industrial Commission. The lower court ruled for the commission, and this appeal by LTR followed. We affirm.

Cave was employed by LTR as a bus driver. He engaged in a fight with a co-employee Shillinglaw, and was injured. A claim for compensation was presented to the Nevada Industrial Commission, but rejected. Cave's employer, LTR, had accepted the provisions of the Nevada Industrial Insurance Act, thereby securing compensation for him, should his personal injury be deemed one caused by accident and arising out of and in the course of employment; NRS 616.270.[1] The commission's denial of Cave's claim was not challenged by him. He did not test the validity of that denial by filing suit against the commission. Cf. Heidtman v. Nevada Ind. Comm'n, 78 Nev. 25, 368 P.2d 763; Nevada Ind.

---

[1] A personal injury caused by an assault and battery may, or may not, be compensable under the act, depending on the circumstances involved. McColl v. Scherer, 73 Nev. 226, 315 P.2d 807.

Comm. v. Dixon, 77 Nev. 296, 362 P.2d 577; Dahlquist v. Nevada Ind. Comm., 46 Nev. 107, 206 P. 197. Instead he commenced a common-law action for damages against his co-employee Shillinglaw and his employer LTR. The commission was not named a party defendant in that litigation, nor was it impleaded by the defendants. The money judgment obtained therein was not challenged by appeal and has been satisfied.

As already expressed, the purpose of the present action by LTR against the commission is to obtain reimbursement for the Cave judgment which LTR has paid. The requirements of due process forbid this. The commission has never had its "day in court" as to whether Cave's injury was compensable under the act. In its view compensation was not allowable, and the merit of its position was never litigated. Furthermore, fidelity to the plain provisions of the Nevada Industrial Insurance Act forecloses LTR here. Once it is determined by the commission or by a court that a covered employee has sustained a personal injury arising out of and in the course of his employment, compensation therefor is limited to that provided by the act. In such case, a common-law action for damages against the employer is prohibited. NRS 616.270; 616.370; McColl v. Scherer, 73 Nev. 226, 315 P.2d 807. On the other hand, if a commission or a court decides that the injury is not compensable under the act, a common-law action for damages by the employee against his employer may sometimes be permissible. Smith v. Garside, 76 Nev. 377, 355 P.2d 849. The liability of one, commission or employer, precludes the liability of the other. Here the employee Cave successfully pursued his claim against his employer LTR on the theory that the injury sustained was not compensable under the act. When this occurs the Industrial Insurance Fund may not be invaded. Steinfeld v. State Accident Commission, 141 Ore. 296, 16 P.2d 639.

Affirmed.

BADT, J., and ZENOFF, D. J., concur.