Raymond SANTISTEVEN et al.,
Plaintiffs,

v.

DOW CHEMICAL COMPANY, a corporation, et al., Defendants.

DOW CHEMICAL COMPANY, a corporation, Third Party Plaintiff,

v.

KENNECOTT COPPER CORPORATION, a New York corporation, and the Nevada Industrial Commission, Third Party Defendants.

Civ. No. R–2618.

United States District Court,
D. Nevada.

June 7, 1973.

647

Echeverria & Osborne, Reno, Nev., for plaintiffs.

Wait, Shamberger & Georgeson, Reno, Nev., for defendants.

Wm. J. Crowell, Carson City, Nev., for third party defendant Nevada Industrial Comm.

Gray, Horton & Hill, Erickson & Thorpe, Reno, Nev., for third party defendant Kennecott Copper Corp.

## ORDER GRANTING SUMMARY JUDGMENT

BRUCE R. THOMPSON, District Judge.

■ Santisteven (plaintiff), an employee of Kennecott Copper Corporation (Kennecott), brought this action against Dow Chemical Company (Dow), alleging that serious injuries which he sustained, arising out of and in the course of his employment, were proximately caused by Dow's negligence and improper labeling of a dangerous product, flake caustic soda, which it had manufactured and sold to Kennecott. Dow, in turn, filed a third party complaint against Kennecott, alleging that the latter's negligence in failing properly to instruct and warn the employee and in failing to provide a safe place to work was a proximate cause of the injury (perhaps the sole proximate cause), and that in any event, Dow's negligence, if any, was passive, while Kennecott's was the active contributing cause and that, if found liable to plaintiff, Dow is entitled to indemnity. The Nevada Industrial Commission was joined as a third-party defendant to wipe out any subrogation claim it might have (N.R.S. § 616.560) if plaintiff should be successful against Dow. Plaintiff had been compensated under the provisions of the Nevada Industrial Insurance Act, Kennecott being a covered employer. The action was removed to this Court because of diversity of citizenship (28 U.S.C. § 1332) and the substantive rights and remedies of the parties are controlled by state law.

Kennecott and the Nevada Industrial Commission have moved for summary judgment upon the grounds that the Nevada Industrial Insurance Act precludes liability of a covered employer for indemnity to a third party found liable to the employee for the injuries suffered. Counsel, in thoroughly prepared and researched briefs, have found no Nevada authority on this precise question, nor have we.

■ It, nevertheless, seems obvious from many Nevada workmen's compensation decisions, as well as from the terms of the Nevada Industrial Insurance Act itself, that it is the established policy in Nevada that when an employer accepts the Act and an employee receives compensation thereunder, the employer is fully and completely insulated from other liability on account of the industrial accident.

This is the result reached under the Virginia law in reliance on Va.Code § 65.1–40, which is substantially the same as N.R.S. § 616.370.[1] Jennings v. Franz Torwegge Machine Works, 347 F.Supp. 1288 (W.D.Va.1972). The *Jennings* case cites the applicable precedents. It should be observed, however, that the Nevada Legislature has made an even more explicit declaration of this policy:

"616.265 Devices waiving liability void.

"1. No contract of employment, insurance, relief benefit, indemnity, or any other device, shall modify, change or waive any liability created by this chapter.

---

1. "616.370. Rights and remedies conclusive and obligatory on employers and employees.

"1. The rights and remedies provided in this chapter for an employee on account of an injury by accident sustained arising out of and in the course of the employment shall be exclusive, except as otherwise provided in this chapter, of all other rights and remedies of the employee, his personal or legal representatives, dependents or next of kin, at common law or otherwise, on account of such injury.

"2. The terms, conditions and provisions of this chapter for the payment of compensation and the amount thereof for injuries sustained or death resulting from such injuries shall be conclusive, compulsory and obligatory upon both employers and employees coming within the provisions of this chapter.

"3. The exclusive remedy provided by this section to a principal contractor extends, with respect to any injury by accident sustained by an employee of any contractor in the performance of the contract, to every architect or engineer who performs services for the contractor or any such beneficially interested persons."

"2. A contract of employment, insurance, relief benefit, indemnity, or any other device, having for its purpose the waiver or modification of the terms or liability created by this chapter shall be void."

"616.270 Employers to provide compensation; relief from liability.

"1. Every employer within the provisions of this chapter, and those employers who shall accept the terms of this chapter and be governed by its provisions, as in this chapter provided, shall provide and secure compensation according to the terms, conditions and provisions of this chapter for any and all personal injuries by accident sustained by an employee arising out of and in the course of the employment.

"2. Travel for which an employee receives wages shall, for the purposes of this chapter, be deemed in the course of employment.

"3. In such cases the employer shall be relieved from other liability for recovery of damages or other compensation for such personal injury, unless by the terms of this chapter otherwise provided."

While the counterpart of N.R.S. § 616.370 relied upon by the Virginia court limits the rights of the employee and his representatives to a claim against the insurance fund, we think that the language of N.R.S. § 616.270(3) can be construed only as an express immunization of the employer from all other liability for the employee's injuries. Bertone v. Turco Products, 252 F.2d 726 (3rd Cir. 1958).

■ The strong policy of Nevada limiting the employer's liability as well as the employee's remedy to compensation under the Industrial Insurance Act has been declared and applied in other types of cases. Aragonez v. Taylor Steel Co., 85 Nev. 718, 462 P.2d 754 (1969); Jackson v. Southern Pacific Company, 285 F.Supp. 388 (D.C.Nev.1968); Kennecott

Copper Corp. v. Reyes, 75 Nev. 212, 337 P.2d 624 (1959); Simon Service, Inc. v. Mitchell, 73 Nev. 9, 17, 307 P.2d 110 (1967); LTR Stage Line v. Nev. Ind. Comm'n, 81 Nev. 626, 408 P.2d 241 (1965). The Supreme Court of Colorado, under statutory provisions quite similar to the Nevada Act, has denied recognition to a third party complaint for indemnity, although the employer was partially at fault. Hilzer v. MacDonald, 169 Colo. 230, 454 P.3d 928 (1969). Accordingly, we hold that the third party complaint against Kennecott must be dismissed.

This does not, however, dispose of the situation with respect to the Nevada Industrial Commission. The Industrial Insurance Act grants the Commission certain rights of subrogation:

"616.560 Liability of third parties for damages; reduction of compensation; subrogation of commission to employee's rights; lien of commission on proceeds of recovery.

"1. When an employee coming under the provisions of this chapter receives an injury for which compensation is payable under this chapter and which injury was caused under circumstances creating a legal liability in some person, other than the employer or a person in the same employ, to pay damages in respect thereof:

"(a) The injured employee, or in case of death, his dependents, may take proceedings against that person to recover damages, but the amount of the compensation to which the injured employee or his dependents are entitled under this chapter shall be reduced by the amount of the damages recovered.

"(b) If the injured employee, or in case of death, his dependents, in such case receive compensation under this chapter, the commission, by whom the compensation was paid, shall have a right of action against the person so liable to pay damages as aforesaid, and shall be subrogated to the rights of

the injured employee or of his dependents to recover therefor; provided:

"(1) That in any action or proceedings taken by the commission under this section evidence of the amount of compensation, accident benefits and other expenditures which the commission has paid or become obligated to pay by reason of the injury or death of the employee shall be admissible; and

"(2) That if in such action or proceedings the commission shall recover more than the amounts it has paid or become obligated to pay as compensation, it shall pay the excess to the injured employee or his dependents.

"(c) The injured employee, or in case of death, his dependents, shall first notify the commission in writing of any action or proceedings, pursuant to this section, to be taken by the employee or his dependents.

"2. In any case where the commission shall be subrogated to the rights of the injured employee or of his dependents as provided in subsection 1, the commission shall have a lien upon the proceeds of any recovery from some person other than the employer, whether the proceeds of such recovery are by way of judgment, settlement or otherwise."

The thrust of Dow's third party complaint against the Commission is that if Dow should be found liable to plaintiff because of disseminating a dangerous chemical without proper warnings, Dow should nevertheless have the benefit as a credit against the judgment of any compensation paid plaintiff by the Commission. Here, again, we have a problem on which the Nevada Supreme Court has not spoken. Nor do we find guidance by way of dicta in the state decisions. We cannot find any interpretation of N.R.S. § 616.560 in the published opinions.

Dow's contention is reminiscent of the collateral source rule, usually deemed a rule of evidence, under which it is generally held that evidence of indemnity from health, accident or other insurance is inadmissible in a personal injury action to minimize or reduce plaintiff's recovery. There are exceptions to the rule and Dow would, we presume, contend that the rule should not be applied in this type of case if the jury should find that Kennecott's negligence concurred with Dow's actionable fault as proximate causes of the injury. The instant problem, however, cannot be solved by adoption of a rule permitting evidence of compensation benefits in reduction of plaintiff's claim and granting the Commission's motion for summary judgment on the third party complaint because the Commission would, by such orders, be deprived of its day in court on the proper interpretation and application of the Industrial Insurance Act.

Query: If the covered employer's conduct (actionable in the absence of Industrial Act immunity) concurs with actionable conduct of a third party in causing injury to an employee, does the Commission have a right to subrogation and reimbursement from the employee's recovery of damages from the third party?

This question is not answered directly by the Industrial Insurance Act. The term "insured" has not been specifically defined in the Act. Taking its provisions as a whole, it is evident that there are two insureds. The employer is protected by liability insurance, the employee by a form of health, hospitalization and accident insurance under the provisions of the Industrial Insurance Act. N.R.S. § 616.560 concerns itself with the Commission's rights of subrogation only with respect to the employee. We do observe, however, that Section 616.560(2) states:

"In any case where the commission shall be subrogated to the rights of the injured employee or of his dependents as provided in subsection 1, the commission shall have a lien upon the proceeds of any recovery *from some person other than the employer,* whether the proceeds of such recovery are by way of judgment, settlement or otherwise." (Emphasis added.)

What is the purpose of the language "from some person other than the employer?" We have already held that the covered employer cannot be subjected to indemnity or contribution merely on the assertion that he is a co-tort feasor. Perhaps the Legislature had in mind the possibility of an independent contract for indemnity from the employer, which would pose a different basis for liability. On the other hand, inasmuch as the section under discussion, of which the quoted subsection is a part, deals with the Commission's rights of subrogation, it is fair to infer that the reason for this language is to exclude any effect on the employer resulting from the subrogation provisions of the Act. If this is so, the consequence would be that the rights of the insurer between itself and a third party found liable to an employee in the area of the treatment to be accorded the fact that the employer had been indemnified by liability insurance should be governed by the common law.

A subrogated insurer stands in the shoes of the insured. If a compensated employee's contributory negligence was a proximate cause of the injuries, the Commission's rights of subrogation fall along with the claim of the employee against a third party whose negligent conduct was a proximate cause. Similarly, the claim of a subrogated liability insurance carrier will fail if the conduct of the insured constitutes a defense to a claim against a third party.

A number of courts have dealt with this problem with varying results. The leading case is Lovette v. Lloyd, 236 N.C. 663, 73 S.E.2d 886 (1953), sustaining the conclusion that a third party liable to the injured employee is entitled to have the judgment against him reduced by the amount of compensation paid to the injured employee if he can prove that the concurrent negligence of the employer contributed to the injuries. This principle, predicated on the maxim that the employer and his subrogated insurance carrier should not be permitted to profit by his own wrong is a sound and fair application of the Industrial Insurance Act. It has been favorably received by other courts. Witt v. Jackson, 57 Cal.2d 57, 17 Cal.Rptr. 369, 366 P.2d 641 (1961); Maio v. Fahs, 339 Pa. 180, 14 A.2d 105 (1940); Brown v. Dickey, 397 Pa. 454, 155 A.2d 836 (1959); Haney v. International Harvester Co., 294 Minn. 375, 201 N.W.2d 140 (1972); Liberty Mutual Insurance Co. v. Adams, 91 Idaho 151, 417 P.2d 417 (1966); Cf. Texaco, Inc. v. Pruitt, 396 F.2d 237 (10th Cir. 1968).

Accordingly, we have reached the conclusion that the motion for summary judgment filed on behalf of the Nevada Industrial Commission should be denied. If the jury determines that concurring negligence or actionable conduct of Dow and Kennecott caused plaintiff's injuries, the Industrial Commission's right of subrogation will be eliminated and the amount of plaintiff's recovery will be reduced by the amount of compensation paid or to be paid.