Dolores LEICHT and George A. Leicht, her husband, Plaintiffs-Appellants,

v.

VENTURE STORES, INC., Defendant-Respondent.

No. 39040.

Missouri Court of Appeals, St. Louis District, Division One.

Feb. 7, 1978.

Jack J. Cavanagh, Jr., Clayton, for plaintiffs-appellants.

Evans & Dixon, Ralph C. Kleinschmidt, Gerre S. Langton, St. Louis, for defendant-respondent.

McMILLIAN, Judge.

This is an appeal from a summary judgment entered in the circuit court of the City of St. Louis against both appellants Dolores

Leicht and George A. Leicht, her husband, and in favor of respondent, Venture Stores, Inc. The grounds were that appellant Dolores Leicht's claim for personal injuries was an "accident" under §§ 287.020 and 287.120, RSMo Supp.1975 of the Missouri Workmen's Compensation Law, and therefore cognizable solely before the Missouri Division of Workmen's Compensation and that the circuit court was without jurisdiction over the subject matter.

Appellant Dolores Leicht at the time of the accident was an employee of respondent. She was assigned a desk and work space in the stockroom reserved for her department. During the scope of her employment appellant sustained poisonous spider bites on two separate occasions. Respondent does not dispute the facts set forth in the petition.

Appellant contends that the injuries sustained were not the result of an "accident" as this term is defined in § 287.020(2), RSMo Supp.1975, because the events which produced the injuries were neither unexpected nor unforseen on the part of respondent. Appellant bases this contention on the theory that because respondent had notice of the presence of the spiders before the injury, her injury was foreseeable.

Respondent contends, however, that in construing the term "accident" to mean an act which is unforeseen or unexpected, the court should only consider the actions, intentions and knowledge of the *employee,* and not the *employer.*

The term "accident" is defined in § 287.-020(2), RSMo Supp.1975 to mean "an unexpected or unforeseen *event happening* suddenly and violently with or without human fault and producing at the time objective symptoms of an injury." Therefore, the sole issue to be resolved is whether, as a matter of law, prior notice of an unsafe condition on the part of the employer would preclude any claim or defense that a subsequent injury resulting from that condition was unexpected or unforeseen. This issue appears to be one of first impression in Missouri.

In construing the term "accident" we are required to do so liberally, in order to extend the benefits of the Workmen's Compensation Act to the largest class possible and restrict those excluded to the smallest class possible. *Roux v. Dougal's Big Star Food Store,* 510 S.W.2d 810, 812 (Mo. App.1974); *Todd v. Goostree,* 493 S.W.2d 411, 416 (Mo.App.1973).

The purpose of the Workmen's Compensation Act is to substitute finite liability for the "fortuities" of the available common law remedies, *e. g., Dudley v. Victor Lynn Lines, Inc.,* 32 N.J. 479, 161 A.2d 479, 484 (1960). The employee under this statute foregoes his right to sue his employer for negligence, and to obtain the common law measure of damages in cases where fault could be shown, but he gains a speedy and certain measure of damages for all work-connected injuries. In return the employer accepts absolute liability.

Therefore, with this purpose in mind we feel compelled to construe the term "accident" in its broadest context so as to extend benefits to the largest possible class. The term "accident" is construed to mean an unexpected or unforeseen event which is not designed, planned or voluntarily brought about by the employee. Notice or knowledge on the part of the employer of the dangerous condition which brought about the injury was not intended to be a consideration in determining the foreseeability of the event. To construe the term "accident" in any other manner would deny workmen's compensation recovery for all work-related injuries which involve negligence on the part of the employer. Such a construction would exclude a very large possible class, and hence be contra to the purposes of the statute.

Other jurisdictions have similarly construed the term "accident". It is well settled in other jurisdictions that the fact that an injury was occasioned by acts or conduct constituting negligence or wantonness on the part of the employer does not remove such injury from under the Act, and that a common law action to recover damages would not lie. See *Fowler v. Southern*

*Wire & Iron, Inc.,* 104 Ga.App. 401, 122 S.E.2d 157 (1961); *Duncan v. Perry Packing Co.,* 162 Kan. 79, 174 P.2d 78 (1946); *Caline v. Maede,* 239 Or. 239, 396 P.2d 694 (1964); *Finch v. Swingly,* 42 A.D.2d 1035, 348 N.Y. S.2d 266 (1973); *Kennecott Copper Corp. v. Reyes,* 75 Nev. 212, 337 P.2d 624 (1959).

In *Kennecott,* supra, a similar fact situation is presented. In this case the employee was killed by a landslide while working in his employer's open pit mining operation. The employee's mother and father brought a wrongful death action alleging that the employer was liable for failing to provide a safe place to work and for failing to warn of hazards or take precautions against such hazards. The employer contended, however, that such an injury was an "accident" as defined in the Nevada Workmen's Compensation Act [1] and therefore was cognizable solely before the Nevada Industrial Commission. The Supreme Court of Nevada accepted the employer's contention and held that the mere fact that the employer had foreseen or expected that at some time in the future an injury would occur does not permit the conclusion that the event was not an accident.

In *Duncan,* supra, another similar fact situation is presented. In this case the employee was electrocuted while operating employer's poultry picking machine. Employee's husband then brought a wrongful death action, alleging that the employer failed to provide a safe place to work. The trial court dismissed the action on the grounds that such an injury resulting in death was within the Workmen's Compensation Act and therefore a common law action would not lie. On appeal the plaintiff contended that while the injury may have been an "accident" as far as the employee was concerned, it was not in reality an "accident" as far as the employer was concerned, being readily foreseeable by him. The Supreme Court of Kansas rejected this argument and held that such an event was an "accident," despite the negligence on the

employer's part. In addition, the court said:

"To hold otherwise would open a by-pass around the Act and permit attempted recovery in common law actions which the Act was intended to supersede. If the plaintiff here had established the same facts in a proceeding to secure compensation under the Act, can there be any doubt that he would have been entitled to an award? . . . ." (*Duncan,* supra, 174 P.2d at 83.)

The facts of the *Kennecott* and *Duncan* cases are strikingly similar to the facts of the present situation. Each involves a situation where an injury occurred due to negligence on the part of the employer. In addition, the event which caused the particular injury was foreseeable. In the present situation the appellant was injured due to a dangerous condition of which the employer had notice. For the sake of argument we will assume that respondent's conduct was negligent. Nevertheless, we hold, as other jurisdictions have held, that the fact that the employer was negligent in allowing an injury to occur is not relevant in determining whether an "accident" has occurred within the terms of the Workmen's Compensation Act. The appellant's sole remedy is within the terms of the Workmen's Compensation Act.

Accordingly, the trial court's judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.

---

1. The Nevada Workmen's Compensation Act defines "accident" as an "unexpected or unforeseen event happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury." See § 616.020, N.R.S. (1975). It must be noted that Missouri's definition is exactly the same.