DALE O. McAFFEE, APPELLANT, *v.* GARRETT FREIGHTLINES, INC., RESPONDENT.

No. 9814

June 28, 1979          596 P.2d 851

*Steffen & Simmons,* Las Vegas, for Appellant.

*Beckley, Singleton, DeLanoy & Jemison, Chartered,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

In August, 1970, Dale O. McAffee was injured in the course of his employment when a heavy crate fell on him, crushing his leg. His employer, respondent Garrett Freightlines, Inc., carried private worker's compensation insurance, pursuant to NRS 616.255(2), which provides:

> [the Nevada Industrial Insurance Act] shall not be construed to apply to: . . .
>
> (2) Employments covered by private disability and death benefit plans which comprehend payments of compensation of equal or greater amounts for the purposes covered in this chapter, and which have been in effect for 1 year prior to July 2, 1947.

The parties stipulate that the policy in this case was timely reviewed by the Nevada Industrial Commission and determined to be in conformity with the specifications of NRS 616.255(2).

Appellant McAffee collected compensation benefits under

the policy for medical expenses and loss of income.[1] He then brought this common law action for damages alleging negligence against Garrett Freightlines. Prior to trial respondent moved for summary judgment and was denied. Respondent also made a motion for directed verdict which the court likewise denied. At conclusion of trial, the jury found against Garrett Freightlines, awarding McAffee $25,000. Garrett then moved for Judgment Notwithstanding the Verdict on the ground that the Workmen's Compensation Act provides the exclusive remedy for McAffee's injuries. The motion was granted. McAffee appeals from the order granting judgment n.o.v., claiming the Nevada Industrial Insurance Act is inapplicable to the employment and thus does not preclude his maintenance of the negligence action against Garrett. We agree.

Where an employer is subject to the provisions of the N.I.I.A., either through compulsion or election, and the employee suffers injury by accident sustained arising out of and in the course of employment, the Act provides the employee's exclusive remedy and relieves the complying employer from common law liability. NRS 616.270, 616.370[2]; 2A Larson, Workmen's Compensation Law § 65.10. However, where the Act is not applicable, because either the injury or the employment is not within its coverage formula, the Act does not disturb any existing remedy. See Larson, supra; 81 AmJur2d, Workmens Compensation § 53.

---

[1]Appellant collected $4,810.21 for medical expenses and $4,772.80 for loss of income. It is not disputed that these amounts are at least as great as NIC payments would have been for the same losses had Garrett carried State Worker's Compensation Insurance.

[2]NRS 616.270 provides:

"1. Every employer within the provisions of this chapter, and those employers who shall accept the terms of this chapter and be governed by its provisions, as in this chapter provided, shall provide and secure compensation according to the terms, conditions and provisions of this chapter for any and all personal injuries by accident sustained by an employee arising out of and in the course of the employment.

". . .

"3. In such cases the employer shall be relieved from other liability for recovery of damages or other compensation for such personal injury, unless by the terms of this chapter otherwise provided.
NRS 616.370 provides in pertinent part:

"1. The rights and remedies provided in this chapter for an employee on account of an injury by accident sustained arising out of and in the course of the employment shall be exclusive, except as otherwise provided in this chapter, of all other rights and remedies of the employee, his personal or legal representatives, dependents or next of kin, at common law or otherwise, on account of such injury.

The NIC determined Garrett Freightlines' private policy as conforming with NRS 616.255, which expressly precludes application of the Act to employers carrying private insurance meeting that section's requirements. We think the legislature, in enacting NRS 616.255, intended that so long as employees were already adequately protected by employer's private plans, the State would not interfere with employer-employee rights, leaving those employers the option to continue using private liability protection. Prior to the Act, employers could protect themselves against common law liability either by the terms of a private Worker's Compensation Policy itself, or through other third-party liability insurance. Employers opting to continue private coverage pursuant to NRS 616.255 are left in the same legal position; they must secure adequate private protection or be subject to common law suits and stand liable for damages assessed against them.

Private plans covering NRS 616.255 employments are thus comparable to voluntary Worker's Compensation, which is purely a matter of contract. The rights and obligations of the parties are determined from the policy and the Worker's Compensation Law has no governing effect, even though the amounts of compensation and other benefits are measured by the law. United States Fidelity & Guaranty Co. v. Valdez, 390 S.W. 2d 485 (Tex.Civ.App. 1965). But see Lowe v. Socony Mobil Oil Company, 222 F. Supp. 624 (D.Ore. 1963) (where private contract incorporated by reference all provisions of the state worker's Compensation Act, the Act's exclusive remedy provision precluded employee's suit except for benefits under contract).

The Nevada Voluntary Endorsement in the policy states: "Payment shall be made only on condition that the employee . . . shall execute a full legal release of all claims against the insured as may be required by the Exchange. . . ." Relying on this language, respondent Garrett Freightlines argues appellant McAffee is estopped from maintaining the negligence action while retaining benefits received under the policy. However, respondent never raised this issue by answer, nor stated it as a ground for the motion for summary judgment, directed verdict, or judgment n.o.v., and we note that NRCP Rule 7(b) contemplates that grounds for motions shall be stated with particularity. Even had the issue been properly pleaded and stated as a ground for the post-judgment motion, we would nevertheless reject respondent's assertion that the order granting

judgment n.o.v. can be affirmed on the basis of estoppel.

Employees claiming under the N.I.I.A. are not required to execute a blanket legal release. Thus, we question whether a private plan can include such a condition precedent to collection of benefits and still satisfy the NRS 616.255 requirement that it comprehend payment of equal or greater benefits than contemplated by the N.I.I.A. We need not reach that issue, however, since the record is barren of evidence that the Exchange ever requested a release. Neither does there appear any explanation of why no release was obtained. Respondent cites no apposite authority for implying or compelling a release under these circumstances. There is no indication that McAffee was ever notified that his acceptance of benefits would be treated by the Exchange as a release. The record is insufficient even to determine if that was the intent of the Exchange in making initial payments. For all that appears of record, appellant might reasonably have anticipated that such payments were merely an advance on whatever monies might be found owing to him.

Absent pertinent authority and adequate evidence of circumstances under which the payments were made, the trial court could not properly have found that appellant accepted the payments with knowledge that they were tendered with the expectation that appellant would give up his common law right of action.

The order granting judgment n.o.v. is reversed with instructions to enter judgment for appellant in the sum of $25,000, with a set-off of $9,583.01, the amount of compensation benefits appellant previously collected, interest to run on $15,416.99 from the date of verdict, and lawful costs of suit.