Connie Sue ALEXANDER, Respondent,

v.

PIN OAKS NURSING HOME, Appellant.

No. 43719.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 27, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 20, 1981.

Bradford A. Brett, Brett & Erdel, Mexico, for appellant.

Walter D. McQuie, Jr., Montgomery City, for respondent.

CRIST, Judge.

The employer Pin Oaks appeals from a judgment which affirms the Worker's Compensation award by the Labor and Industrial Relations Commission to claimant Alexander. Alexander's claim, also sustained by the administrative law judge, was that her injury, in which she suffered a ruptured disc while turning an elderly bed patient in employer's nursing home on April 29, 1978, was caused by an unusual and abnormal strain. We affirm.

■ The Worker's Compensation Law is to be construed liberally, with a view to the public welfare, and is intended to extend its benefits to the largest possible class. The fundamental purpose served by the law is to place upon industry the losses sustained by employees resulting from injuries arising out of and in the course of their employment. Doubts as to the right of an employee to compensation should be resolved in favor of the injured worker. *Greer v. Department of Liquor Control*, 592 S.W.2d 188, 193 (Mo.App.1979). § 287.800, RSMo. 1978.

■ The ambit of scrutiny in this appeal is certain and limited. This court reviews the award of the Commission and not the findings of the administrative law judge nor the findings of the circuit court in the intermediate phase of appeal. *Kite v. Polsky Motors, Inc.*, 614 S.W.2d 294, 298 (Mo. App.1981). We are required to perceive the record in the light most favorable to the Commission's findings, devoting attention to the appropriate inferences which the Commission had the power to derive from the evidence, and then adjudge whether its findings, even if backed by substantial and competent evidence, are against the overwhelming weight of the evidence. *Wray v. Schwitzer Co.*, 615 S.W.2d 646, 648 (Mo.App. 1981).

■ The award of the Commission is supported by the assessment that the injury was the consequence of an abnormal strain. The law treats an abnormal strain as an accident and the resultant violence to the body as an injury within § 287.020. Work

done in an awkward or unbalanced position, albeit in the execution of a regular assignment, which causes the employee to undergo a stress exceeding the usual and begets an unanticipated strain, results in a compensable injury. *Palmer v. Kansas City Chiefs Football Club*, 621 S.W.2d 350 (Mo. App.1981).

■ We find substantial competent evidence on the whole record to sustain the award compensating Alexander for her injury resulting from an abnormal strain. Among Alexander's duties as a night charge nurse at Pin Oaks was the moving of patients. Normally, two employees were involved in moving a patient, but on this particular occasion, Alexander handled the chore by herself due to the hospital being shorthanded. The task was complicated by the fact that the patient was senile, helpless, sometimes uncooperative and, unlike the majority of patients in Pin Oaks, was in a non-adjustable bed.

The patient's bed was approximately three inches above Alexander's knees, so she had to bend both at the waist and knees to move the patient. Because of the level of the bed, Alexander's position in moving the patient was contrary to her training as a licensed practical nurse.

The move of this particular patient by Alexander was a two-step process: first, the upper portion of the body was turned, then the lower half. The pain, which was diagnosed as a ruptured disc, occurred as Alexander stood up. The medical testimony revealed that Alexander suffered the injury in the move rather than as she stood up.

The finding of the administrative law judge that Alexander suffered an abnormal and unusual strain, adopted by the Commission and affirmed by the circuit court, is not contrary to the overwhelming weight of the evidence, but conversely is supported by substantial competent evidence and consequently the Commission's award must be affirmed as being a fair determination.

*Roberts v. Sharp Bros. Const. Co.,* 599 S.W.2d 91, 94 (Mo.App.1980).

Judgment affirmed.

REINHARD, P. J., and SNYDER, J., concur.