Jimmie McDANIEL,
Plaintiff-Respondent,

v.

GENERAL MOTORS ASSEMBLY DIVISION, Defendant-Appellant.

No. 44847.

Missouri Court of Appeals,
Eastern District,
Division Five.

June 1, 1982.

Motion for Rehearing and/or Transfer Denied July 16, 1982.

Application to Transfer Denied Sept. 13, 1982.

John L. Harlan, Jr., St. Louis, for defendant-appellant.

Charles Mogab, St. Louis, for plaintiff-respondent.

GUNN, Presiding Judge.

There are three pronounced issues in this Workmen's Compensation appeal: (1) whether the employee-respondent filed his claim within one year after his last medical treatment furnished by his employer; (2) whether he sustained a compensable accident; (3) whether medical causation exists between the accident and the employee's injury about which he complains. The Industrial Commission, affirmed by the Circuit Court, found that as a result of a compensable accident for which timely claim was made, the employee was permanently totally disabled. The employer appeals; we affirm.

The evidence viewed in the light most favorable to the award shows that in May, 1970, as the employee was hand-wheeling 55 gallon drums for the employer, one of the drums suddenly shifted causing the employee to twist and injure his lower back. Though the employee notified the employer of the injury and reported it to the Industrial Commission, he did not immediately sign a claim for compensation. Pain in his lower back persisted and he received treatment for his back and a variety of unrelated ailments. In December, 1974, the back pain became so acute that the employee discontinued working. He did, however, continue to return to the employer's plant to be examined by its doctor during 1975, and on one occasion in 1975, he was given salve by the plant nurse and was directed by her to apply it to his back. A workmen's compensation claim was filed on June 23, 1975. The employee continued to be treated by his physician for his back and other ailments, including arthritis, high blood pressure, a lipoma and depressive anxiety. His physician testified that the May, 1970 incident with the shifting drum caused the employee's disability and that he was unable to work. The employee also testified as to the severity of his pain and inability to work.

■ The first issue is whether the claim was timely filed, giving consideration to the one-year limitation provisions of Section 287.430, RSMo 1978. As pertinent here, the claim must be filed within one year after the injury or within one year after payment has been made by reason of the injury. Medical treatment of a disability has been interpreted as being a payment, and a claim filed within one year thereafter is timely. *Welborn v. Southern Equipment Co.,* 395 S.W.2d 119, 124 (Mo. banc 1965); *Lloyd v. County Electric Co.,* 599 S.W.2d 57, 60 (Mo.App.1980). The question, then, is whether the supplying of salve and directing its application by the employer's nurse constituted medical treatment, for the claim was filed within one year thereafter. Certainly, if an employer's doctor's advice that an employee take warm water soaks for an ankle injury constitutes medical treatment, as in *Faries v. ACF Industries,* 531 S.W.2d 93, 99 (Mo.App.1975), or, similarly, a company nurse supplying an Ace bandage for a sore knee tolls the statute as in *Morgan v. Krey Packing Co.,* 403 S.W.2d 668, 670 (Mo.

**196**

App.1966), a fortiori the salve prescribed for a bad back likewise tolls the statute. The claim was thereby timely.

■ Next, the employer challenges the finding that the employee's injury was a result of a compensable accident. In considering this issue, we are required to construe the term "accident" in a liberal context to give effect to the intent of the Workmen's Compensation Act. *Leicht v. Venture Stores, Inc.*, 562 S.W.2d 401, 402 (Mo.App.1978). And in so doing we find that the record supports the fact that the employee's injury was caused by an accident. In *Springett v. St. Louis Independent Packing Co.*, 431 S.W.2d 698 (Mo.App. 1968), a shifting of weight of containers being moved by the claimant resulting in an injury was held to be sufficient to uphold a workmen's compensation claim based on an accident. So, too, does the sudden shifting of the 55 gallon drums being moved by the employee resulting in an abnormal strain support the Commission's finding of a compensable accident. *See Alexander v. Pin Oaks Nursing Home*, 625 S.W.2d 192, 193 (Mo.App.1981), holding that the law treats abnormal strain as an accident.

■ In response to the employer's final point, we find that there was substantial competent evidence through the testimony of the employee's physician and the employee that the shifting of the drum caused the injury and condition for which he was compensated. *Id.*

Judgment affirmed.

KELLY, C. J., and PUDLOWSKI, J., concur.