**Douglas L. KING, Plaintiff,**

v.

**PENROD DRILLING COMPANY, Stacy Lyman, Does I Through V, Black and White Corporations, Defendants.**

**No. CV–R–85–608–ECR.**

United States District Court,
D. Nevada.

Jan. 30, 1987.

David R. Gamble, Carson City, Nev., for plaintiff.

George Allison, Carson City, Nev., for defendant Penrod Drilling Co.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., Chief Judge.

Plaintiff, Douglas L. King, filed this action against defendants, Penrod Drilling Company ("Penrod"), Stacy Lyman, and unknown individuals and corporations, on February 1, 1985, in the Fourth Judicial District Court of the State of Nevada. The action was removed to federal court by petition filed November 7, 1985. This Court has subject matter jurisdiction by virtue of the complete diversity of citizenship of the parties to the lawsuit. 28 U.S.C. § 1332. On April 9, 1986, defendant Lyman was dismissed without prejudice for plaintiff's failure to effect timely service pursuant to Fed.R.Civ.P. 4(j).

In his complaint, the plaintiff alleges that on January 20, 1984, he was working as an employee of Penrod on a worksite at the Winecup Ranch, in Elko County, Nevada. The plaintiff alleges that on that day, while working in his capacity as a derrickman, he slipped while climbing off of a piece of equipment, fell to the ground, and suffered personal injury. Plaintiff further alleges that following his fall, the defendant drilling company and its agent, Lyman, failed to provide him with emergency medical care or transportation to a medical care facility, and thereby aggravated his injuries. Plaintiff's complaint states that "[t]he action of plaintiff's employer and its agent Stacy Lyman were done intentionally or with reckless disregard for the effects of those acts upon the plaintiff...." Complaint (document no. 1B), page 3, lines 28–30. The plaintiff also states that "following the injury to plaintiff ... Stacy Lyman unlawfully, forcibly and maliciously restrained and deprived plaintiff of his liberty for a substantial period of time without any legal authority to do so by assaulting and physically restraining him at the site of his injury and forcing him to continue to work for a substantial period of time, when, due to his injury plaintiff was forced to submit to said restraint." *Id.*, page 4, lines 16–24. Also, the plaintiff alleges that "the restraint and failure to provide medical care and imprisonment of plaintiff by defendants prevented plaintiff from obtaining medical care in a timely fashion, which conduct by defendants Penrod Drilling Company and Stacy Lyman aggravated the injuries to plaintiff and caused him to suffer additional physical and mental anguish, pain and suffering and incur additional costs, medical care and future medical care." *Id.*, page 5, lines 22–28.

Plaintiff's complaint includes four counts: negligent failure to provide medical treatment or transportation, intentional infliction of physical or emotional distress, false imprisonment, and intentional aggravation of existing injury.

Defendant Penrod has moved for summary judgment pursuant to Fed.R.Civ.P. 56. The motion is supported by the plaintiff's answers to interrogatories and by the affidavit of Linda McFall, a claims examiner for the Nevada State Industrial Insurance System.

In the motion for summary judgment, the defendant argues that the Nevada Industrial Insurance Act ("NIIA"), NRS § 616.010 *et seq.*, is the exclusive remedy for an employee injured in the course of his employment. The defendant states that the plaintiff's acceptance of compensation under the NIIA amounts to an accord and satisfaction of any common law rights by

merging them with the compensation accepted in their place. The McFall affidavit states that plaintiff filed a claim with the State Industrial Insurance System for the injuries he suffered as a result of his fall on January 20, 1984; that plaintiff's claim was closed on January 15, 1985, with the determination that he had a permanent partial disability, rated at sixteen percent on a body basis, for an anatomical impairment of his cervical; and that plaintiff was awarded $32,491.12 permanent partial disability compensation for all of the injuries he suffered as a result of the January 20, 1984, incidents. The plaintiff's answers to interrogatories were also used to establish the fact that plaintiff recovered $32,491.12 from the State Industrial Insurance System as well as to establish some of the circumstances surrounding the plaintiff's fall.

The issues are whether the plaintiff has stated a cause of action which is not barred by the NIIA and, if so, whether genuine issues of material fact exist regarding such a cause of action.

 Nevada substantive law applies in this diversity case. The task of this Court is to approximate state law as closely as possible. *Gee v. Tenneco, Inc.*, 615 F.2d 857, 861 (9th Cir.1980). Where the state's highest court has not decided the issue, the task of the federal court is to predict how the state high court would resolve it. *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1482 (9th Cir.1986). Well-considered dicta should not be ignored. *Gee, supra* at 861; *Rocky Mountain Fire and Casualty Co. v. Dairyland Ins. Co.*, 452 F.2d 603–604 (9th Cir.1971).

The legal analysis begins with the NIIA. NRS § 616.270, a section of the NIIA, provides:

1. Every employer within the provisions of this chapter, and those employers who shall accept the terms of this chapter and be governed by its provisions, as in this chapter provided, shall provide and secure compensation according to the terms, conditions and provisions of this chapter for any and all personal injuries by accident sustained by an employee arising out of and in the course of the employment.

. . . . .

3. In such cases the employer shall be relieved from other liability for recovery of damages or other compensation for such personal injury, unless by the terms of this chapter otherwise provided.

NRS § 616.370, also of the NIIA, provides:

1. The rights and remedies provided in this chapter for an employee on account of an injury by accident sustained arising out of and in the course of the employment shall be exclusive, except as otherwise provided in this chapter, of all other rights and remedies of the employee, his personal or legal representatives, dependents or next of kin, at common law or otherwise, on account of such injury.

The language of the NIIA provides that if an employee suffers an injury covered by the Act in the course of employment the NIIA provides the employee's exclusive remedy and relieves the complying employer from common law liability for such injury. *See McAffee v. Garrett Freightlines, Inc.*, 95 Nev. 483, 485, 596 P.2d 851, 853 (1979). The reach of the NIIA, however, is expressly limited to "accidents."

NRS § 616.020 defines "accident":

"Accident" means an unexpected or unforeseen event happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury.

In *Kennecott Copper Corp. v. Reyes*, 75 Nev. 212, 337 P.2d 624 (1959), the Nevada Supreme Court acknowledged that the word "accident" limits the reach of the NIIA and said:

Nothing in the statutory definition of an accident and nothing elsewhere in the act indicates an exclusion from its compensatory provisions of any accident by reason of any varying of the employer's degree of fault. Nowhere in the act appears any distinction between accidents resulting from the employer's negligence, his gross negligence, his wanton

negligence or his recklessness. Any injury to an employee arising out of and in the scope of his employment is as compensable, under the provisions of the act, under one degree of negligence as under another.

*Id.,* 75 Nev. at 215, 337 P.2d at 626. The court in *Kennecott Copper* held that the plaintiff/respondent could not maintain a common law action against an employer who acted negligently and with knowledge of the risk of injury to which employees were subjected. The court held that even if the employer knowingly subjected his employees to a risk, the resulting injury was the result of an accident where there was no contention that the employer had a deliberate intent to injure the employee.

The *Kennecott Copper* case appears to be the only pronouncement of the Nevada Supreme Court on the issue of the treatment of intentional torts under the NIIA. The *Kennecott Copper* case at least implies that tortious acts committed by an employer with the specific intention of harming an employee are not under the NIIA umbrella. It follows from that inference that an employee injured by such an act would be able to bring a common-law action to recover damages from the employer.

While it is difficult to speak in terms of majority or minority positions in this area due to the diversity of the workers' compensation acts of the several states, it is apparent that the great majority of states limit the coverage of compensation acts to injuries sustained as a result of the negligence, the gross negligence, the wanton negligence or the recklessness of the employer. 2A Larson, *The Law of Workmen's Compensation,* §§ 68.11, 68.13 (1982). When the employer's conduct lies outside of those limits, when it involves the deliberate and specific intent to injure an employee, the majority of states disallow recovery under the compensation statutes and allow a common-law action for damages. *Id.*

A few states differ in that they allow common-law actions for damages where the employer's acts do not involve specific intent to injure but involve a state of mind akin to recklessness. *See e.g., Jones v. V.I.P. Development Co.,* 13 Ohio St.3d 90, 472 N.E.2d 1046 (1984); *Blankenship v. Cincinnati Milacron Chems., Inc.,* 69 Ohio St.2d 608, 433 N.E.2d 572 (1982); *Mandolidis v. Elkins Indus., Inc.,* 161 W.Va. 695, 246 S.E.2d 907 (1978) (The rule of this case was altered significantly in 1983 by the West Virginia legislature's amendments to W.Va.Code § 23–4–2).

■ This Court finds that, if the Nevada Supreme Court were presented with the issue, it would allow recovery by an employee for employer recklessness only under the NIIA. In Nevada, a common-law action may not be brought by an employee against an employer for personal injuries unless the employer acted with a deliberate intent to injure the employee. This is apparent from the *Kennecott* case discussed *supra,* as well as from the language of the NIIA itself. Nevada has followed the majority in circumscribing the reach of the NIIA.

This interpretation of the NIIA promotes safety in the work environment and does not unduly abrogate the common-law rights of injured employees. This interpretation of the NIIA is consistent with the purposes of that Act.

When the applicable law is applied to the facts in the case at bar, one of the plaintiff's counts, the negligence count, must be disposed of by summary judgment. The other three counts asserted by plaintiff, all of which include allegations of intentional tortious conduct on the part of Penrod, shall not be dismissed, as genuine issues of material fact remain regarding those counts.

■ Plaintiff's Count One is for negligent failure to provide medical treatment or transportation to the plaintiff after his January 20, 1984, fall. Because the conduct of Penrod that is the basis for this count is alleged to have been only negligent, the injuries sustained by plaintiff as a result of such conduct are covered by the

NIIA. The plaintiff's remedy for such injuries is exclusively provided in the NIIA, and his $32,491.12 recovery from the State Industrial Insurance System included compensation for damages resulting from this alleged negligence.

Plaintiff argues that such negligence occurred while he was outside the scope of his employment. The evidence submitted in support of Penrod's motion for summary judgment establishes that the plaintiff was at a Penrod worksite and was actually working when his employer allegedly refused to treat or transport him. The plaintiff has submitted no affidavits or exhibits refuting these facts. Thus, there are no genuine questions of material fact regarding the plaintiff's negligence claim and summary judgment on that claim will be granted to the defendant.

The plaintiff's other three counts; intentional infliction of physical or emotional distress, false imprisonment, and intentional aggravation of existing injury; all include allegations of intentional misconduct on the part of Penrod. As to each of these counts, a question of fact remains as to whether Penrod acted with deliberate and specific intent to harm the plaintiff. Penrod's motion for summary judgment is not supported with affidavits or exhibits regarding this factual issue. As to these counts, then, summary judgment will not be granted.

The Court cautions plaintiff that the deliberate and specific intent that he must prove is such intent on the part of Penrod. A showing of such intent on the part of an agent of Penrod will not do. While Nevada law allows, under some circumstances, the imputation of the intentional tortious conduct of an agent to his principal; *Prell Hotel Corp. v. Antonacci*, 86 Nev. 390, 469 P.2d 399 (1970); the specific intent of an agent to harm another of the principal's employees does not render the injury outside the coverage of the NIIA. The Nevada Supreme Court has not spoken on this point. This Court, however, feels that the following reasoning found in 2A Larson, *The Law of Workmen's Com-*

*pensation,* § 68.21 (1982) would be adopted by the Nevada court if the issue were to arise:

When the person who intentionally injures the employee is not the employer in person nor a person who is realistically the alter ego of the corporation, but merely a foreman, supervisor or manager, both the legal and the moral reasons for permitting a common-law suit against the employer collapse, and a substantial majority of modern cases bar a damage suit against the employer.

The legal reason for permitting the common-law suit for direct assault by the employer ... is that the same person cannot commit an intentional assault and then allege it was accidental. This does not apply when the assailant and the defendant are two entirely different people. Unless the employer has commanded or expressly authorized the assault, it cannot be said to be intentional from his standpoint any more than from the standpoint of any third person. Realistically, it to him is just one more industrial mishap in the factory, of the sort he has a right to consider exclusively covered by the compensation system.

IT IS, THEREFORE, HEREBY ORDERED that defendant Penrod's Motion for Summary Judgment (document # 13) is GRANTED as to Count One of the plaintiff's Complaint.

IT IS FURTHER ORDERED that defendant Penrod's Motion for Summary Judgment (document # 13) is DENIED as to Counts Two, Three, and Four of the plaintiff's Complaint.