DREW RENTALS, PETITIONER, v. FIRST JUDICIAL
DISTRICT COURT, RESPONDENT.

No. 5410

March 7, 1968                                438 P.2d 253

*Goldwater, Taber, Hill and Mortimer,* of Reno, for Petitioner.

*Bradley & Drendel,* of Reno, and *Gary A. Sheerin,* of Carson City, for Respondent.

## OPINION

*Per Curiam:*

Petitioner, Drew Rentals, seeks a writ of prohibition precluding the district court from proceeding further against it as a co-defendant. This petition follows a motion to quash service of process upon petitioner and the entry of an order denying the motion.

Plaintiffs' complaint in the court below alleges that on or about February 8, 1966, defendant, Brian John Arrow, a visitor from Richmond Surrey, England, rented a car registered in the State of California from either Drew Rentals or National Car Rental Systems, Inc. It is alleged that the lessor authorized Mr. Arrow to operate the automobile in the State of Nevada and that while driving in the State of Nevada, Mr. Arrow drove the automobile across a double yellow line and collided with an oncoming tractor, thus causing the injuries which have given rise to this action.

The complaint alleges that petitioner Drew Rentals is responsible 1) as owner of the automobile, 2) for negligently authorizing and permitting Mr. Arrow to rent the automobile, and 3) for negligently failing to control the operation of the automobile.

Plaintiffs have attempted to serve process on Drew Rentals pursuant to NRS 14.080, which provides: "Products liability: Service of process on foreign manufacturers, producers, suppliers.

"1.   Any company, * * * created and existing under the laws of any other state, * * * which manufactures, produces, makes, markets or otherwise supplies directly or indirectly any product for distribution, sale or use in this state may be lawfully served with any legal process in any action to recover damages for injury to person or property resulting from such distribution, sale or use in this state in the manner prescribed in this section."

The initial question with which we are faced is whether NRS 14.080 can be used to obtain service in a case where there is absolutely no allegation that the product supplied was defective in any manner. We think it cannot. The clear intent of the Nevada legislature in enacting the statute was to provide a means whereby persons harmed in this state by a defective product originating from outside the state could obtain jurisdiction over the responsible party.

"Long arm statutes seek to provide one injured in the forum state with a method of acquiring jurisdiction over foreign corporations whose defective product within the forum state has caused injury.

\* \* \* \* \*

"We conclude that under NRS 14.080 Nevada may acquire jurisdiction over a foreign manufacturer of a product which it reasonably may expect to enter interstate commerce, which does enter interstate commerce, and *because of an alleged defect, causes injury in Nevada to the plaintiff.*" (Emphasis added.) Metal-Matic, Inc. v. District Court, 82 Nev. 263, 265–268, 415 P.2d 617 (1966).

There being no allegation that the automobile leased by petitioner was defective, the district court is without jurisdiction to proceed against the petitioner. A discussion of whether or not the asserted jurisdiction would violate due process is unnecessary.

Writ granted.