PAUL JACOBSEN, Appellant, *v.* DUCOMMUN, INCORPORATED, a California Corporation; DUCOMMUN METALS & SUPPLY CO; E. JORDAN BROOKES CO., INC., Respondents.

No. 6275

May 17, 1971                              484 P.2d 1095

*Singleton, Beckley, DeLanoy, Jemison & Reid,* Chartered, of Las Vegas, for Appellant.

*Cromer and Barker,* of Las Vegas, for Respondent E. Jordan Brookes Co., Inc.

## OPINION

By the Court, BATJER, J.:

The appellant was originally employed on October 4, 1961 by Edgerton, Germeshausen & Grier, Inc., also known as E. G. & G., Inc. Thereafter, he worked as an instrument maker which entailed the machining, on a lathe, of metals and metal alloys. The appellant worked on aluminum, cold rolled iron, cold rolled steel, brass, copper, beryllium copper, several types of pure beryllium, and phenolic. In September of 1966, while still in the employ of E. G. & G., Inc., the appellant experienced difficulty in breathing and was admitted to a hospital for tests and observation. The tests indicated that he was suffering from berylliosis, a lung disease. As a result of this malady, surgery was performed and one of the appellant's lungs was removed.

The appellant (the plaintiff below) filed his amended complaint on April 17, 1969, alleging *inter alia;* that the respondents sold and distributed beryllium and beryllium-copper alloys to his employer; that the respondents failed to warn the appellant of the dangers and hazards to his health relating to such products; that the respondents knew, or should have known, that beryllium and beryllium-copper alloys were dangerous substances capable of causing great bodily harm; and that the appellant suffered serious injury to his respiratory system requiring removal of his right lung as a result of his contact with beryllium.

Service of process was made pursuant to the provisions of NRS 14.080, by personal service upon the Secretary of State of Nevada, and service upon respondent, E. Jordan Brookes Co.,

Inc. by registered mail. Ducommun, Inc. and Ducommun Metals & Supply Co. both filed answers and are not involved in this appeal. E. Jordan Brookes Co., a corporation not authorized to do business in this state, relying on Drew Rentals v. District Court, 84 Nev. 201, 438 P.2d 253 (1968), filed a motion to quash service of summons upon the ground that the complaint does not allege that the product was "defective." The trial court agreed with the contention of E. Jordan Brookes Co., and ordered the service of summons to be quashed.

The appellant contends that the trial court erred in its ruling and we agree. The respondent and the trial court have both placed far too narrow an interpretation on the rulings of this court in Drew v. District Court, supra, and Metal-Matic, Inc. v. District Court, 82 Nev. 263, 415 P.2d 617 (1966). We cannot accept their restricted interpretation of these cases.

Although in both *Drew Rentals* and *Metal-Matic,* this court spoke in terms of a defective product and announced that the clear intent of the Nevada legislature in enacting NRS 14.080 was to provide a means whereby persons harmed in this state by a defective product originating from outside the state could obtain jurisdiction over the responsible party, there was no intention in those cases to unreasonably limit the effect of NRS 14.080. The common sense intent of that statute is to afford an injured resident of this state an opportunity to effect service of process upon an entity not otherwise amenable to service who manufactures, produces, makes, markets or otherwise supplies, directly or indirectly, any product for distribution, sale or use which causes injury to persons or property resulting from such distribution, sale or use. Such an opportunity places the injured resident of this state upon an equal footing with residents of other jurisdictions, similarly injured, who have an opportunity to make personal service upon the offending entity.

If E. Jordan Brookes Co., Inc., happened to be a resident corporation of this state and personal service of process had been effected upon a proper officer of that corporation, the service of process could not have properly been quashed merely because the plaintiff alleged that the offending product was dangerous rather than defective. To hold otherwise would exalt a distinction without a reasonable basis for it.

Pursuant to NRCP 8(a),[1] all that is required is a short and plain statement of the claim, showing that the pleader is entitled to relief. In Metal-Matic, Inc. v. District Court, supra, this court held that if it is reasonably foreseeable that a product will enter the flow of commerce, the requirements of due process have been satisfied, and a defendant may be sued in any state where the product causes injury without regard for how many hands have touched the product prior to injury, and went on to say: "We conclude that under NRS 14.080 Nevada may acquire jurisdiction over a foreign manufacturer of a product which it reasonably may expect to enter interstate commerce, which does enter interstate commerce, and because of an *alleged* defect, causes injury in Nevada to the plaintiff." (Emphasis added.)

In 32 Tenn.L.Rev. 363, 373, the author wrote: "[N]o single definition of defect has proved adequate to define the scope of the manufacturer's strict liability in tort for physical injuries."

According to Comment h following § 402A of the Second Restatement of Torts, where a defendant has "reason to anticipate that danger may result from a particular use" of his product and he fails to give adequate warning of such a danger, "a product sold without such warning is in a defective condition." See Crane v. Sears Roebuck & Co., 32 Cal.Rptr. 754 (Cal.App. 1963); Canifax v. Hercules Powder Co., 46 Cal. Rptr. 552 (Cal.App. 1965); 13 A.L.R.3d 1057 § 6(b). See also Santor v. A and A Karagheusian, 207 A.2d 305 (N.J. 1965), where the court stated that it was not necessary in the context of that case to attempt to define the outer limits of the word "defect," but that it was sufficient to say that the concept was a broad one and that the range of operation of this concept must be developed as the problems arise, and by courts mindful that the public interest demands consumer protection.

For the purpose of service of process, "dangerous" and "defective" can be treated in the same context because a product can be *dangerous* because it is defective, even though it can also be dangerous without being defective. Liability could follow if, on the merits, it is established that the product is either dangerous or defective. Crane v. Sears Roebuck & Co., supra; Canifax v. Hercules Powder Co., supra; and cases collected in 13 A.L.R.3d 1057 § 6(b).

---

[1]NRCP 8(a): "A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded."

The order of the district court quashing the service of process is reversed and the matter is remanded for further proceedings.

ZENOFF, C. J., MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.