OUTBOARD MARINE CORPORATION, a Corporation, Appellant, *v.* SHARON ELIZABETH SCHUPBACH, et al., Respondents.

No. 8374

STAUFFER CHEMICAL CORPORATION, a Delaware Corporation; and MONTROSE CHEMICAL CORPORATION OF CALIFORNIA, Appellants, *v.* OUTBOARD MARINE CORPORATION, a Corporation, Respondent.

No. 8724

March 17, 1977                    561 P.2d 450

[Rehearing denied May 12 1977]

*Beckley, Singleton, De Lanoy, Jemison & Reid, Chartered,* of Las Vegas, for Outboard Marine.

*Galatz, Earl & Biggar,* of Las Vegas, for Schupbach, et al.

*Cromer, Barker & Michelson* and *James R. Olson,* of Las Vegas, for Montrose Chemical and Stauffer Chemical.

## OPINION

By the Court, THOMPSON, J.:

This litigation is a result of an explosion at the Henderson, Nevada, chemical plant of Montrose Chemical Company. The plant was operated by Stauffer Chemical Company. Two employees, Cleo Sharrock and John Schupbach, were severely injured by the explosion. Schupbach died from his injuries one week later. Sharrock eventually recovered and returned to work though permanently disabled and disfigured. Compensation has been paid pursuant to the Nevada Industrial Insurance Act.

The widow of Schupbach for herself and as guardian ad litem for their minor children, and Sharrock for himself, commenced suit to recover damages from Outboard Marine Corporation, the manufacturer of the product alleged to have caused the explosion. Outboard, in turn, sought indemnification from Stauffer and Montrose should Outboard be found liable to plaintiffs.

A jury found Outboard liable and assessed damages of $738,443 for Sharrock and $480,234 for the survivors of Schupbach. The jury also found in favor of Outboard against Stauffer and Montrose and proceeded to apportion fault among them: Outboard, twenty-five percent at fault, and Stauffer and Montrose each thirty-seven and one-half percent at fault.

Outboard has appealed contending that it is not liable as a matter of law and that the district court erred in not granting a directed verdict. This is appeal No. 8374.

Montrose and Stauffer each have appealed asserting that, as statutory employers, they have paid compensation and are not, therefore, subject to the rules of indemnity. This is appeal No. 8724. We turn first to the appeal of Outboard.

Appeal No. 8374.

1. The appeal of Outboard is from the refusal of the district court to direct a verdict in its favor. Although not an appealable ruling per se, we may review the propriety of an interlocutory ruling following judgment if properly assigned as error. Levine v. Remolif, 80 Nev. 168, 390 P.2d 718 (1964). Our evaluation is confined to evidence and reasonable inferences therefrom favoring the parties against whom the motion is made. Kline v. Robinson, 83 Nev. 244, 428 P.2d 190 (1967).

The chemical plant at Henderson utilized a complex system of tanks, pipes, valves and other equipment to produce industrial chemicals. On the night of the explosion a leak in one of the pipes resulted in an accumulation of benzene creating a highly explosive atmosphere over a large area of the plant. Before the explosion, an employee had driven an industrial utility cart into a hazardous area labeled with "no smoking" signs and left the cart there with the ignition switch on. The cart was customarily used in all areas of the plant. Plaintiff Sharrock, while sitting on the cart, accidentally touched the accelerator causing a spark. The explosion occurred simultaneously. Experts gave opinion that the spark caused the explosion.

The cart was manufactured by Outboard through its Cushman division which is well known for its golf carts. The cart is not sparkproof nor intended to be so. Other companies manufacture special explosion-proof equipment. The particular cart was sold to Montrose-Stauffer in 1963 through a dealer and used without incident until the 1967 explosion. The cart did not have a warning label to inform the user that it was not sparkproof and should not be used in a hazardous atmosphere.

Outboard knew that the electric cart was not safe for use in hazardous areas and, on occasion, had so advised potential customers. It is reasonable to infer from the evidence given regarding the sale of the cart an awareness on the part of Outboard that the utility cart was sold for use at the Henderson chemical plant. Although employees at the plant knew that the cart sparked, they did not know that the sparking was of

such intensity as to cause an explosion in a chemical atmosphere.

Plaintiffs contended at trial that Outboard was strictly liable in tort for placing a product in the hands of a user without giving proper warning concerning its safe and appropriate use. They argue that in the absence of adequate warning liability may arise from the use of a product not otherwise defective since the failure to warn itself may be deemed a defect causing injury. On the other hand, Outboard insists that it may not be found liable in these circumstances since the product was not defective for its intended use, nor does the law impose a duty to warn of dangers actually known to the user. These respective contentions form the issues of this appeal.

2. The doctrine of strict tort liability first was adopted in Nevada with respect to bottled beverages. Shoshone Coca-Cola v. Dolinski, 82 Nev. 439, 420 P.2d 855 (1966). Later, it was extended to products of all types. Ginnis v. Mapes Hotel Corp., 86 Nev. 408, 470 P.2d 135 (1970).

To date, our consideration of that doctrine has primarily been confined to cases where the product was shown to be defective without any need to consider the outer limits of the word "defect" or the scope of its meaning. In Shoshone Coca-Cola v. Dolinski, supra, the bottled beverage was defective because it contained a decomposed mouse. In Ginnis v. Mapes Hotel Corp., supra, the automatic hotel door was defective because of a malfunctioning safety relay. Worrell v. Barnes, 87 Nev. 204, 484 P.2d 573 (1971), concerned a leaky fitting in a residential gas system. And, General Electric Co. v. Bush, 88 Nev. 360, 498 P.2d 366 (1972), involved a defective eye bolt.

In a different context (pleading) we have approved Comment h following § 402A of the Restatement (Second) of Torts (1965) to the effect that where a defendant has "reason to anticipate that danger may result from a particular use" of his product and he fails to give adequate warning of such a danger "a product sold without such warning is in a defective condition." Jacobsen v. Ducommun, Inc., 87 Nev. 240, 484 P.2d 1095 (1971). In that case we also noted that the concept of "defect" is a broad one. In General Electric Co. v. Bush, supra, we approved the proposition that strict liability may be imposed even though the product is faultlessly made if it was unreasonably dangerous to place the product in the hands of the user without suitable and adequate warning concerning safe and proper use.

In the case before us the electric cart was safe when used in nonhazardous surroundings. It was not sparkproof nor intended to be so. It became a dangerous and defective product only when used in a hazardous atmosphere where its sparking characteristic foreseeably could cause damage. It was used in such an atmosphere, and since Outboard did not give warning that it should not be so used, the plaintiffs contend that the failure to warn may itself be deemed a defect causing injury. We agree with this contention since it is in line with this court's mentioned expressions in the cases of Jacobsen v. Ducommun, Inc., supra, and General Electric Co. v. Bush, supra. We, therefore, turn to consider Outboard's alternative contention that it was not under a duty to warn since the danger resulting from the use of the cart in a hazardous atmosphere was actually known to the user.

The record does not show that the employees knew of danger if they used the cart in a chemical atmosphere. Although aware that the cart sparked, they did not know the intensity required to cause an explosion. Indeed, that very cart had been used in all areas of the plant for years without an explosion resulting from such use. In these circumstances, it is appropriate to deem the defect in the product, that is, the failure to give suitable warning, as latent or hidden. Our decision in Bradshaw v. Blystone Equipment Co. of Nevada, 79 Nev. 441, 386 P.2d 396 (1963), concerning an open and obvious danger is, for this reason alone, inapposite.[1]

Moreover, we reject Outboard's contention that it is a matter of common knowledge that sparks cause an explosion in a chemical atmosphere. Many factors must coexist before an explosion occurs. The record does not establish that the employees possessed essential detailed knowledge as to render the danger open and obvious to them. Sierra Pacific v. Anderson, 77 Nev. 68, 358 P.2d 892 (1961).

We, therefore, conclude that the district court did not err when it declined to direct a verdict for Outboard.

Appeal No. 8724.

---

[1]Bradshaw v. Blystone Equipment Co. of Nevada, supra, did not involve the doctrine of strict tort liability. Its discussion of "open and obvious" danger was with regard to a negligence cause of action and followed the New York case of Campo v. Scofield, 95 N.E.2d 802 (1950). The New York Court of Appeals has since expressly overruled Campo v. Scofield. See: Micallef v. Miehle Co., 348 N.E.2d 571 (1976); Comment, 29 Vand.L.Rev. 1463 (1976).

164

1. The appeal by Montrose and Stauffer asserts that the law precludes indemnity. If they are correct then Outboard is solely liable for the judgments entered below.

The plaintiffs were compensated under the provisions of the Nevada Industrial Insurance Act since Stauffer and Montrose were covered employers.[2] By reason of this circumstance the employers argue that they are totally insulated from other liability on account of the industrial accident.

Employers who accept the Act and provide and secure compensation for injuries by accident sustained by an employee arising out of and in the course of employment are "relieved from other liability for recovery of damages or other compensation for such personal injury. . . ." NRS 616.270. This provision, of course, forbids suit by the injured employee against his employer. Frith v. Harrah South Shore Corp., 92 Nev. 447, 552 P.2d 337 (1976); Cummings v. United Resort Hotels, Inc., 85 Nev. 23, 449 P.2d 245 (1969); Tab Constr. Co. v. District Court, 83 Nev. 364, 432 P.2d 90 (1967). This "exclusive remedy" provision of the Act is exclusive in the sense that no other common law or statutory remedy under local law is possessed by the employee against his employer. Nevada Ind. Comm'n v. Underwood, 79 Nev. 496, 387 P.2d 663 (1963); Titanium Metals v. District Court, 76 Nev. 72, 349 P.2d 444 (1960); Simon Service v. Mitchell, 73 Nev. 9, 307 P.2d 110 (1957).

The issue here presented is whether the exclusivity provision of the Act not only insulates employers from liability to employees, but also from liability by way of indemnity to a third party (in this instance, Outboard) who supplied a defective product found to have caused injury to employees. We have not heretofore considered this question. The federal district court of Nevada, however, has considered it, ruling that indemnity is precluded. Santisteven v. Dow Chemical Company, 362 F.Supp. 646 (1973). The Court of Appeals affirmed that ruling. Santisteven v. Dow Chemical Company, 506 F.2d 1216 (9th Cir. 1974). The Santisteven case dealt specifically with the Nevada Industrial Insurance Act.

---

[2]Sharrock and Schupbach were employed by Stauffer Chemical which operated the plant at Henderson for Montrose Chemical. Outboard has conceded that Montrose, as the principal of Stauffer, is entitled to the same protection under the Nevada Industrial Insurance Act as Stauffer. This concession resulted from our decision in Frith v. Harrah South Shore Corp., 92 Nev. 447, 552 P.2d 337 (1976).

We believe that Santisteven correctly perceived the policy and intention of the Act. Each federal court opinion relied not only upon the exclusivity clause, NRS 616.270, but as well upon NRS 616.265 which voids a contract of indemnity having for its purpose the waiver or modification of the terms or liability created by the Act. An express contract of indemnity is not present in this case. However, if such a contract is voided by NRS 616.265, it is certain that there exists no room for implied indemnity, absent an independent duty owing from the employer (Stauffer-Montrose) to the third party (Outboard). Cf. United States Fidelity & Guaranty Co. v. Kaiser Gypsum Co. Inc., 539 P.2d 1065 (Ore. 1975). Such an independent duty does not arise simply from the fact that the employers purchased a product. Santisteven v. Dow Chemical Company, supra.

2. It is argued that if indemnity is not allowed the result is manifestly inequitable since the jury found Outboard to be only twenty-five percent at fault while the employers each were found to be thirty-seven and one-half percent at fault. Consequently, as a matter of fairness, the employers should not be insulated completely. Although this contention has some appeal, it is one to be submitted to the legislature rather than to us. To date, the legislature has insulated the contributing employer and has voided indemnity absent an independent duty owing from the employer to the third party. The matter of indemnity should never have been submitted to the jury. The third-party complaint should have been dismissed.

The amount of damages awarded by the jury is not challenged. It is not suggested by any of the appellants, that is, by Outboard, Stauffer or Montrose, that the amount awarded was greater by reason of apportioning fault among them than it would have been had Outboard been the only party found liable. Consequently, we do not address this point.

We affirm the judgments against Outboard (Appeal No. 8374) and reverse the indemnity judgments for Outboard against Montrose and Stauffer (Appeal No. 8724).

BATJER, C. J., and ZENOFF, MOWBRAY, and GUNDERSON, JJ., concur.