CORRAO CONSTRUCTION CO., INC., Appellant, *v.* IVAN CURTIS, GUY FOSTER, LOU HANSEN, and ROSS KARSTEN, Respondents.

No. 9068

August 25, 1978                    584 P.2d 1303

[Rehearing denied September 28, 1978]

*Halley and Halley,* Reno; and *Bolling, Pothoven, Walter & Gawthrop,* Sacramento, California, for Appellant.

*Erickson, Thorpe & Swainston, Ltd.,* Reno, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

We are asked to decide whether the Nevada Industrial Insurance Act insulates an employer from liability to a third party with whom it has an express contract of indemnity.

Corrao Construction Co., Inc., the employer, agreed in writing with the owners of the property to indemnify them from all claims, damages, losses and expenses, including attorneys' fees, arising out of the work if caused in whole or in part by the negligence of the employer. An employee of Corrao sustained serious injury while in the course and scope of his employment. Since Corrao was a participating employer within the Nevada Industrial Insurance Act, it was relieved from liability to the employee. Frith v. Harrah South Shore Corp., 92 Nev. 447,

552 P.2d 337 (1976); Cummings v. United Resort Hotels Inc., 85 Nev. 23, 449 P.2d 245 (1969); Tab Constr. Co. v. District Court, 83 Nev. 364, 432 P.2d 90 (1967); Simon Service v. Mitchell, 73 Nev. 9, 307 P.2d 110 (1957). The employee was compensated in accordance with the provisions of the Act.

Thereafter, the employee commenced this action against the owners alleging their negligence as the proximate cause of his injuries. The owners, in turn, filed a third-party complaint against Corrao, the employer. This complaint was premised upon the indemnity clause of their contract.

The district court found that the Employer Corrao's negligence caused the employee's injuries; that the owners were not negligent as alleged by the employee; and that the indemnity agreement was valid.

In the light of the district court's determination that only the Employer was negligent and the third-party owner was not, we do not reach the issue we have been asked to decide. We turn to explain why this is so.

1. NRS 616.265 voids a contract of indemnity which changes or modifies the liability created by the Act. An employee may not sue his participating employer for injuries by accident arising out of and in the course of his employment. NRS 616.270. An employee, of course, may sue a third party for that party's negligence, and obtain damages. The compensation received by him under the Nevada Industrial Insurance Act is to be deducted from the amount of damages so recovered. NRS 616.560; McDowell Construction Supply Corp. v. Williams, 90 Nev. 75, 518 P.2d 604 (1974).

It would appear, therefore, that an indemnity agreement which changes or enlarges the liability of the employer by imposing a liability to its employee for damages caused by the negligence of a third party would be void by reason of the express mandate of NRS 616.265; Outboard Marine Corp. v. Schupbach, 93 Nev. 158, 561 P.2d 450 (1977), concerning an alleged implied indemnity to the third party found to have been negligent. The case before us, however, does not concern this situation at all since the third-party owners were found free of fault and, therefore, not responsible for the employee's injuries.

By reason of the findings with regard to negligence and proximate cause which have not been challenged, it is certain that the indemnity agreement does not change, enlarge, or

modify the liability of the employer to its employee. Consequently, the portion of the indemnity concerning claims of the employee is meaningless in this case since only the employer was negligent. The employee, therefore, should have been compensated pursuant to the provisions of the Nevada Industrial Insurance Act, and not otherwise.[1]

2. Although the indemnity agreement is meaningless in this case with regard to the claims of the employee, it is effective to impose upon the employer-indemnitor an obligation to pay the reasonable defense costs and attorneys' fees incurred by the owners-indemnitees in defending this litigation.

Affirmed.

BATJER, C. J., and MOWBRAY, GUNDERSON, and MANOUKIAN, JJ., concur.

---

[1]After the district court decided that the indemnity was valid (without explaining its limited effect in this case) the employer and the owners voluntarily elected to settle with the employee. The employer's insurer paid the employee $750,000 and the owners' insurers paid the employee $30,000. Since we do not reach the issue we have been asked to decide, the provision of the settlement agreement that: "In the event Corrao Construction Company succeeds in the appeal, St. Paul Insurance Company shall reimburse Corrao's insurer $750,000" is ineffective.