MARVELL LEE KELLEN, SIERRA PAINTING, INC., PETITIONERS, *v.* SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, DEPARTMENT NO. 6, RESPONDENT. WILLIAM B. MOORE, REAL PARTY IN INTEREST.

No. 13701

March 29, 1982                                        642 P.2d 600

*Sala, McAuliffe, Hill & White,* and *William E. Bernard,* Reno, for Petitioners.

*Wait, Shamberger, Georgeson, McQuaid & Thompson, Fray & Benson,* Reno, and *Prince, Yeates & Geldzahler,* Salt Lake City, for Respondent.

---

## **OPINION**

*Per Curiam:*

In this mandamus proceeding petitioners contend that the district court should be required to grant petitioners' motion for summary judgment. *See* NRAP 3A(b)(5).

Petitioners are named as defendants in a third-party complaint filed by William B. Moore, the real party in interest. Moore is the defendant in an action in the district court in which the plaintiff is seeking recovery for injuries allegedly sustained in an automobile accident. The third-party complaint seeks contribution from petitioners for whatever recovery the plaintiff may be awarded. Contending that they are the employer and the co-employee of the plaintiff, petitioners moved for summary judgment on the ground that they could not be held liable for contribution or equitable indemnity. The motion was denied and this petition followed.

Absent an independent duty owed to a third party, employers and co-employees are insulated by the provisions of the Nevada Industrial Insurance Act (NRS 616.010 et seq.), not only from liability to employees, but also from liability by way of indemnity to a third party. Outboard Marine Corp. v. Schupbach, 93 Nev. 158, 561 P.2d 450 (1977).

Moore argues that an independent duty exists here, namely, the "duty to the public to exercise ordinary care to avoid injury to other drivers." We disagree. The independent duty referred to in *Outboard Marine* is not such an abstract duty as Moore argues. Furthermore, if that duty results, in reality, from a duty and resultant liability of the employer to the employee,

then that liability is exactly the type which the Act extinguishes. *See* Santisteven v. Dow Chemical Company, 506 F.2d 1216 (9th Cir. 1974).[1]

Accordingly, we order issuance of a writ of mandamus compelling the district court to vacate its order denying the motion for summary judgment, and to enter an order granting said motion.

Petition granted.[2]

---

[1]Moore argues that petitioners' negligence contributed to plaintiff's injuries, and that it is therefore unjust for Moore to bear full responsibility to the plaintiff. The argument is without merit for the reasons stated in Santisteven v. Dow Chemical Company, 362 F.Supp. 646 (D.Nev. 1973).

[2]Justice Noel Manoukian voluntarily disqualified himself from the consideration of this case.

from purported accomplice who testified pursuant to executory conditional plea bargain.