DONNA WARD, Appellant, v. FORD MOTOR
COMPANY, Respondent.

No. 13788

January 27, 1983           657 P.2d 95

*Echeverria* and *Osborne,* and *James M. Walsh,* Reno, for
Appellant.

*Eugene J. Wait, Jr.,* Reno, for Respondent.

## OPINION

*Per Curiam:*

This appeal arises from a single car accident which occurred
on June 2, 1978. According to appellant, on that date, the 1977
Ford Maverick she was driving on U.S. Highway 50 began to
vibrate. In an attempt to reduce the vibration, appellant
applied the brakes. She then lost control of the car, and the
Maverick began a slide sideways across the pavement. The
vehicle eventually left the roadway and rolled over several
times finally coming to rest on its top. During the rollover,
appellant was ejected from the automobile and suffered serious
injuries which have left her a paraplegic.

As a result of the accident, appellant initiated suit against the

respondent, Ford Motor Company, on the theory of strict liability in tort. After a jury trial, judgment was entered in favor of Ford Motor Company. Thereafter, appellant moved for a new trial which was denied by the district court. We affirm.

The main issue on appeal is whether the district court erred by giving certain portions of Jury Instruction No. 4.[1] Appellant contends that the fifth section of the instruction, which requires the plaintiff to prove that the product is "unreasonably dangerous", is unduly burdensome. We disagree.

The fifth section of the instruction is a correct statement of the law in Nevada. For example, in General Electric Co. v. Bush, 88 Nev. 360, 498 P.2d 366 (1972), we held:

> We have heretofore held that a defective product is dangerous if it fails to perform in the manner reasonably to be expected in the light of its nature and intended function. Ginnis v. Mapes Hotel Corp., 86 Nev. 408, 470 P.2d 135 (1970). Beyond that a product being defective gives rise to strict tort liability even though faultlessly made if it was *unreasonably dangerous* for the manufacturer or supplier to place that product in the hands of a user . . . (Emphasis added.)

*Id.* at 364. *Accord,* Outboard Marine Corp. v. Schupbach, 93

---

[1] Jury Instruction No. 4 provided:

The defendant FORD MOTOR COMPANY is not required under the law so to create and deliver its products as to make them accident proof. They are, however, liable to plaintiff for any injury suffered by her if plaintiff establishes by a preponderance of the evidence all the facts necessary to prove each of the following conditions:

First: That the defendant FORD MOTOR COMPANY placed its products in question on the market for use and defendant knew, or, in the exercise of reasonable care should have known, that the particular product would be used without inspection for defects in the particular part, mechanism or design which is claimed to have been defective;

Second: That the product was defective in design or manufacture at the time it was placed on the market and delivered;

Third: That plaintiff was unaware of the claimed defect;

Fourth: That the claimed defect was a proximate cause of any such injury to plaintiff occurring while the product was being used in the way and for the general purpose for which it was designed and intended; and

Fifth: That the defect, if it existed, made the product unreasonably dangerous and unsafe for its intended use. An article is unreasonably dangerous if it is dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it with the ordinary knowledge common to the community as to its characteristics.

Nev. 158, 561 P.2d 450 (1977). We therefore hold that the district court did not err in giving the fifth section of Jury Instruction No. 4.

Through this appeal, appellant really seems to be urging us to adopt what she considers the enlightened view of strict liability as expressed in Cronin v. J.B.E. Olson Corp., 501 P.2d 1153 (Cal. 1972). There, the California Supreme Court rejected the concept that a defective condition must be unreasonably dangerous to the user or consumer in order to be actionable. After reviewing our previous decision, as well as other cases and authorities on this subject, we decline to adopt the minority position of *Cronin* and we reaffirm our belief that the plaintiff must prove that the product is unreasonably dangerous. This hardly detracts from the sound public policy favoring the strict products liability doctrine. A plantiff need only prove that the product failed to perform "in the manner reasonably to be expected in the light of its nature and intended function." General Electric Co. v. Bush, *supra.* Or, in the language of the subject instruction, that the product "is dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it with the ordinary knowledge common to the community as to its characteristics."

Appellant also contends that the district court erred by including the third section of the instruction which requires her to prove that she was unaware of the claimed defect. Although her point may have merit, based on our examination of the record, we conclude that it is unnecessary to determine whether the plaintiff should be required to prove lack of awareness because in the context of this case we believe the result would not be altered.

Appellant's other assignment of error has been considered, and we conclude that it is without merit.

The judgment of the district court is affirmed.

MANOUKIAN, C. J., SPRINGER, MOWBRAY, and STEFFEN, JJ., and ZENOFF, SR. J.,[2] concur.

[2]The Chief Justice assigned SENIOR JUSTICE DAVID ZENOFF to participate in the decision of this matter, in the place and stead of E. M. GUNDERSON, JUSTICE, pursuant to the Nevada Constitution, art. 6, § 19(1)(a) and 19(1)(c), and SCR 10.