OPINION

Per Curiam:

This is an appeal from summary judgment in favor of Great Western Capital Corporation. The district court ruled, as a matter of law, that a contract was formed between Coker Equipment, Inc. and Great Western Capital Corporation despite allegations of a mutual mistake of fact. We reverse the district court’s order granting summary judgment.
Respondent Great Western Capital Corporation (“Great Western”) and appellant Coker Equipment, Inc. (“Coker”) are parties to a lease agreement entered into in August 1982. The agreement provided that Coker would pay a total sum of $812,445.60 for the use of certain equipment. In addition, Stanley and Marlane Coker, owners of Coker Equipment, signed an absolute guaranty of payment.
In May 1990, Great Western and Coker entered into a modification agreement which allowed Coker additional time to repay the outstanding balance. Coker alleged before the district court that the sole purpose of the modification agreement was to extend the time for payment, not to renegotiate the amount due. The parties explicitly agreed that Coker’s outstanding balance at that time was $276,930.
*1268 In district court Coker alleged that this amount was incorrect according to an in-house audit it conducted approximately one year after the parties entered into the modification agreement. Coker’s audit revealed that it had paid $66,024.72 more than it owed Great Western under the original debt. After submitting its reconciliation and copies of its cancelled checks to Great Western, Coker requested a full accounting from Great Western. When Great Western declined to provide such an accounting, Coker ceased making further payments.
According to Great Western and the terms of the 1990 modification agreement, Coker’s outstanding balance at the time it ceased making payments was $158,850. Great Western filed a complaint against Coker Equipment and its guarantors, Stanley and Marlane Coker (“the Coker defendants”), for this amount. The Coker defendants filed an answer and a counterclaim for the $66,024.72 they claimed Coker had overpaid.
The district court granted summary judgment in favor of Great Western against Coker and its guarantors in the full amount of the outstanding balance alleged by Great Western plus interest. In addition, the district court entered summary judgment in favor of Great Western on Coker’s counterclaim. -
On appeal, the Coker defendants claim that summary judgment was improper because material issues of fact exist regarding (1) whether the modification agreement was based on a mistake of fact; (2) whether the guaranty was supported by valid consideration; and (3) whether Coker Equipment had overpaid and is entitled to judgment on its counterclaim.
Summary judgment is only appropriate where, absent genuine issues of material fact, one party is entitled to judgment as a matter of law. American Federal Savings v. Washoe County, 106 Nev. 869, 871, 802 P.2d 1270, 1272 (1990). A genuine issue of material fact is one where the evidence is such that a reasonable trier of fact could return a verdict for the non-moving party. Valley Bank v. Marble, 105 Nev. 366, 367, 775 P.2d 1278, 1282 (1989). This court is “required to determine whether the trial court erred in concluding that an absence of genuine issues of material fact justified its granting of summary judgment.” Bird v. Casa Royale West, 97 Nev. 67, 68, 624 P.2d 17, 18 (1981).
It is undisputed that the outstanding balance that Coker and Great Western agreed to in the modification agreement was an account stated. This court has defined an account stated as “an agreement based upon prior transactions between the parties with respect to the items composing the account and the balance due.” Old West Enterprises v. Reno Escrow Co., 86 Nev. 727, 729, 476 P.2d 1, 2 (1970).
*1269 On appeal, Coker asserts that there was a mutual mistake regarding the account stated. An account stated is unenforceable if there was fraud or mistake in the stating of the account. Davis & Cox v. Summa Corp., 751 F.2d 1507 (9th Cir. 1985). A debtor may overcome the presumption of the correctness of an account stated by meeting the burden of proving fraud, mistake or error. Robert C. Malt & Co. v. Kelly Tractor Co., 518 So. 2d 991 (Fla. 1988). Coker has submitted a balance sheet and copies of its cancelled checks into evidence to support its argument. Furthermore, Coker has supplied an affidavit of its accountant which verifies the balance sheet.
Great Western asserts that there was no mistake of fact regarding the account stated. It maintains that the amount Coker agreed to in the 1990 modification agreement included accumulated interest and attorney’s fees which increased the total due under the original contract. Great Western’s only supporting documentation is an affidavit from its assistant vice president in which she asserts that she relied upon representations from Coker’s accountant to determine the amount of the account stated.
Coker and Great Western’s arguments and supporting documentation clearly demonstrate that genuine issues of material fact existed at the time the district court granted summary judgment in favor of Great Western. Whether there was a mistake of fact regarding the amount Coker Equipment owed Great Western at the time of the modification agreement, as alleged by Coker, or whether the account stated reflected accumulated interest and attorney’s fees, as alleged by Great Western, is a question for resolution by the trier of fact. Thus, the district court wrongly concluded that no genuine issues of material fact existed and erred in granting summary judgment against Coker Equipment and its guarantors, Stanley and Marlane Coker. Accordingly, we reverse judgment in favor of Great Western, and we remand this matter to the district court for further proceedings consistent with this opinion.